## AUSTIN & SPICER *v.* CARPENTER *et al.*

Equity will afford relief to those who are indirectly injured by official fraud or misconduct, as well as to those who are directly injured by such fraud.

The rule that a judgment will not be reversed where the error does not affirmatively appear of record, applies to cases at law, and not to appeals in chancery.

*In Equity. Appeal from Des Moines District Court.*

*Opinion by* KINNEY, J.  It appears from the record in this case, that the appellants Austin & Spicer, in the fall of 1845, commenced a suit against one Edwin Wilcox., That they sued out an attachment and that Postlewait, Coolbaugh and Garrett became sureties in the attachment bond.  Judgment was afterwards rendered in favor of complainants against said Wilcox.  The goods attached, were sold upon execution, Francis J. C. Peasley being the purchaser, and he was ordered by the court to pay the costs that had accrued upon said suit out of the proceeds of said sale.

In February, 1848, Wilcox for the use of Anthony W. Carpenter, commenced a suit before James R. Fayerweather a justice of the peace, against the said Postlewait, Coolbaugh and Garrett, for the costs in the attachment suit, and recovered judgment.

A bill in chancery was then filed, enjoining said Carpenter, Fayerweather and Harris the constable, from the collection of said judgment.

In the district court the bill was demurred to, the demurrer sustained, the injunction dissolved, and the bill dismissed.

The complainants appeal to this court and assign for error this ruling of the court.

The demurrer having admitted the facts set forth and charged in the bill, which were well pleaded, to be true, we have only to examine the bill to ascertain whether it exhibits such a case as will entitle the complainants to the interference and aid of a court of equity.

It was urged by counsel for the appellees in the argument, that the court would not look into the merits of the case, as by the chancery act, the court were compelled to dismiss the bill for the reason, that the complainants did not appear and prosecute the suit.  This position is not

sustained by the record, which shows that the cause came up to be heard upon the defendant's demurrer to the complainants' bill, whereupon all and singular, the premises being seen and heard, &c., the injunction was dissolved and the bill dismissed. It is conclusive from the record, that the bill was tried upon the demurrer and dismissed for the want of equity, and not *pro forma* as was urged in the argument.

Looking into the bill, we find that it sets forth in substance that the attachment against Wilcox was sustained, that the sureties thereby became absolved from the payment of costs upon their bond; and that Peasley was ordered to pay all costs which accrued in said suit.

The bill also states that when the suit for the collection of the costs against said sureties was about to be tried, the counsel for the complainants appeared in order to defend; but said justice Fayerweather refused to let him do so. That said sureties did not appear, expecting said Austin & Spicer to do so, and defend said suit. The complainants also state, that the case would have been appealed, had not the justice informed their attorney that the same was settled and would not be pursued. Fraud is charged in the rendition of the judgment, and it is charged that the justice acted contrary to good faith, &c.

It is not necessary for this court sitting in chancery, to decide whether the defendants before the justice had a good defence at law, nor does it become material in the view in which this case is presented to our minds. But it is proper to ascertain whether Austin & Spicer had a right to appear and defend the suit, and whether they were improperly deprived of their appearance and defence by the misconduct of the justice. The defendants before the justice, although the *real* parties, were only nominally so in interest, as they would have their action over against the principals in the bond for any judgment that might be recovered against them.

Although the appellants were not party defendants, yet it became important for them to protect their sureties from

any judgment, and thus preserve themselves from a liability which would necessarily result in favor of the sureties, if judgment were rendered against them. And we see no impropriety in their conducting the defence, particularly as the sureties did not defend, expecting that the counsel for Austin & Spicer would do so. But the justice appears to have been *unnecessarily* technical, and to have shut out the defence, from honest motives we would presume, if it were not otherwise charged in the bill.

If the bill did not state that the defence was left to the appellants, or in language which is equivalent to it, we might come to a different conclusion, for as a general rule the parties only to a suit have the right to defend. But the justice not only prevented them from defending, but after judgment was rendered and an appeal applied for, informed the counsel that the case was settled, and would not be pursued, thus depriving them of the benefit of an appeal, as the execution upon the judgment was retained until after the time for appeal had expired. If such conduct as this in a public officer acting in an official capacity, in violation of the rights of parties, is not a fraud, it would be difficult to conceive of a case in which official malfeazance could be construed into fraud. The principle of law is well settled, that not only the parties directly in interest may be relieved from this kind of fraud, but a court of equity will afford relief to parties who are indirectly made to suffer by such official misconduct. 2 Am. Chy. Dig. 16, 19, 24.

But it was contended by counsel for the appellees that if there was error in the district court in dismissing the bill, the judgment should not be reversed unless the error appears affirmatively upon the record. This is the law when applied to cases upon writs of error, as has been frequently decided by this court. *Mackemer* v. *Benner*, 1 G. Greene 157; *Saum* v. *Jones Co. Com.*, *ib.* 165; *Hemphill* v. *Salladay*, *ib.* 301.

But this doctrine does not obtain when applied to appeals in chancery. On appeal, a court of equity freed

from those rigid rules which limit and confine a court of errors, having acquired jurisdiction, will examine into the merits of the case for the purpose of administering justice; guided only by the universal principles of equity jurisprudence. Not confined to errors apparent, the court will correct errors of conscience, which sometimes are of such a nature that they cannot be spread upon the record. All appeals in chancery, must be tried *de novo*, the same as if this court had original jurisdiction, regardless of the decision of the court below, except so far as necessary to a correct understanding of the record and the matters at issue.

From a careful examination of the matters presented in this case, we are of the opinion that the bill exhibits a strong case for equity interference, and that the court below erred in sustaining the demurrer, to the complainants' bill.

The decree is reversed, and the case remanded to the court below, for further proceedings ~~~~~~~~~~~ tent with this opinion.

Decree reversed.

*J. C. Hall*, for appellants.

*D. Rorer*, for appellees.